# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURCELL BRONSON,

    Plaintiff,

    v.

CO HOUDESHELL, ET AL.,

    Defendants.

CIVIL ACTION NO. 3:05-CV-2357

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Plaintiff's Motion for TRO/Preliminary Injunction. (Doc. 165.) The motion seeks a Temporary Restraining Order and Preliminary Injunction against the Defendants, and requests that they be ordered to:

"1) release and return to the plaintiff all seized personal and legal papers seized by defendants, and set forth on confiscation receipts # A854129, A851520, A851056, A854186, A851061, A624122, A658779, A638681 and A624133,

2) release all mail and documents being withheld by defendants, sent to plaintiffs from Quality Typing Services, Mr. Willow, Joe Hockel, Justice Express, Erika Kreisman, Esq., Teri Himebaugh, Esq., Dwelling House Savings & Loan, and other like letters,

3) order defendants' attorney Laura J. Neal to mark and stamp plaintiff's seized property, with her office's identification stamp for purpose of verifying said property was that in fact seized by defendants,

4) cease and desist from conducting further harassing fishing expedition searches of plaintiff's property,

5) cease and desist from obstructing plaintiff's outgoing mail to, and receipt of incoming mail from, Quality Typing Services, Mr. Willow, Joe Heckel, Justice Express, Erika Kriesman, Teri Himebaugh, Dwelling House, Rasheedah Bronson, Alexis Cooper,

6) release and return to plaintiff his bank papers,

7) allow plaintiff to buy and receive his own legal supplies with his own funds, and deposit his mail in the block's mail box himself."

Plaintiff's motion also alleges that he has not received outside mail for some two months and that he verifies that it is being intercepted by virtue of another inmate being told by Mr. Willow that material was mailed to Mr. Bronson, but Mr. Bronson did not receive same. He also indicates that he has not received mail from Quality Typing Services in over a month. He further indicates that correspondence to Cheryl T. Huaes, Esq., of the Lewisburg Prison Project, seeking her assistance regarding a Cumberland County case filed against one of the defendants was never received. The Plaintiff also indicates that certain family letters and correspondence were not received or correspondence regarding gifts not acknowledged. Plaintiff concludes from that that the correspondence and gifts were intercepted by Defendants.

Plaintiff concludes by indicating that he suffered these reactions from the Defendants in view of the results of the hearing before this Court on September 27, 2006.

**DISCUSSION**

Rule 65(b) of the Federal Rules of Civil Procedure governs the grant or denial of Temporary Restraining Orders. It provides in relevant part:

> A temporary restraining order may be granted without . . . notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by the affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition.

Fed. R. Civ. P. 65(b). Injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *A. T. & T. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp.2d 456, 459 (D. Del. 1999).

From Plaintiff's sworn statement, it does not appear that Plaintiff will suffer irreparable harm as a result of the alleged actions. Reviewing the verified allegations supporting the application for Temporary Restraining Order simply does not establish that if all the incidents occurred, Plaintiff would suffer irreparable harm. As a result, the motion for temporary restraining order will be denied.

An appropriate Order follows.

Date: October 18, 2006          /s/ A. Richard Caputo
                                A. Richard Caputo
                                United States District Judge

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON,

    Plaintiff,

        v.

CO HOUDESHELL, ET AL.,

    Defendants.

CIVIL ACTION NO. 3:05-CV-2357

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 18th day of October, 2006, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a TRO/Preliminary Injunction (Doc. 165) is **DENIED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge