# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURCELL BRONSON,

    Plaintiff,

    v.

CO HOUDESHELL, ET AL.,

    Defendants.

CIVIL ACTION NO. 3:05-CV-2357

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Plaintiff's Motion for a TRO. (Doc. 177.) In this motion, the Plaintiff seeks to restrain Defendants from "withholding Plaintiff's legal and personal papers, withholding medical attention and treatment, and destroying his motions, briefs, supplement (sic) complaint, and notice to court seized by Defendants on October 10, 2006 . . . and from destroying other legal pleadings destined for filing with other courts." Plaintiff also seeks to be moved from a location in which he claims he was placed in retaliation for filing a prior motion for temporary restraining order.

## DISCUSSION

As indicated in a prior denial of a temporary restraining order by this Court, Rule 65 of the Federal Rules of Civil Procedure governs the grant or denial of temporary restraining orders, and provides in relevant part:

> A temporary restraining order may be granted without . . . notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by the affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition.

Fed. R. Civ. P. 65(b). Injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *A. T. & T. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp.2d 456, 459 (D. Del. 1999).

Plaintiff's allegations do not establish irreparable harm with respect to the "legal and personal papers, withholding medical attention and treatment." Likewise, seeking an injunction against Defendants from "destroying his motions, briefs, supplement (sic) complaint and notice to court" again do not clearly establish irreparable harm. Irreparable harm is a necessary element in securing a temporary restraining order. Fed. R. Civ. P. 65.

Insofar as the location or placement of the Plaintiff in particular quarters in the institution where he is housed, this is not a matter, based on the allegations, which can be dealt with regarding the grant of a temporary restraining order. Without more, it appears that Plaintiff has been transferred from one place to another within the prison and although he indicates that it is "filthy and ant infested" he fails to claim that he has made any effort to notify the people in charge that these conditions exist. He has not alleged that he has so advised them, and that they have failed to remedy the situation.

In sum, the Plaintiff has failed to establish irreparable harm with respect to the allegations that he makes to support his motion for a temporary restraining order and therefore, the motion for temporary restraining order will be denied.

An appropriate Order follows.


Date:  October 24, 2006                     /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PURCELL BRONSON, | |
|     Plaintiff, | CIVIL ACTION NO. 3:05-CV-2357 |
|     v. | (JUDGE CAPUTO) |
| CO HOUDESHELL, ET AL., | |
|     Defendants. | |

**ORDER**

NOW, this 24th day of October, 2006, IT IS HEREBY ORDERED that Plaintiff's Motion for a TRO (Doc. 177) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge