IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2357 |
| v. | (JUDGE CAPUTO) |
| CO HOUDESHELL, ET AL., | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is Purcell Bronson's Renewed Motion for TRO/Preliminary Injunction. (Doc. 216-1.) Bronson seeks an order requiring Defendant prison officials to: (1) return him to the SMU, Phase III; (2) release all of Bronson's personal papers that have been seized; and (3) store his property in accordance with DOC Policy 6.5.1 D.8 until his civil action has been resolved or until Bronson is released into the general population of the prison. (*Id.*)

The granting of a temporary restraining order or injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp. 2d 456, 459 (D. Del. 1999).

This application for an injunction is similar, if not identical, to that which was filed by Bronson in October, 2006, and then again in December, 2006. (Docs. 177 and 194.)

In the instant matter, like the two prior matters, Bronson complains about his transfer of location within the prison.  Like in the two prior motions, Bronson alleges that his transfer is in retaliation for his filing of prior motions and that his new cell conditions are deplorable.  Bronson has previously alleged that he has filed grievances and sought internal administrative review.  However, nothing before the Court demonstrates that Bronson has fully prosecuted his grievances to administrative exhaustion.  There is a clear policy in favor of exhaustion of administrative remedies before any Court action is appropriate. 42 U.S.C. § 1997e(a) (exhaustion of administrative remedies is required for all actions concerning prison conditions).

Consequently, unless and until Bronson fully exhausts his internal administrative remedies, it is inappropriate for the Court to entertain his motion.

Therefore, **IT IS HEREBY ORDERED** that Purcell Bronson's Renewed Motion for TRO/Preliminary Injunction (Doc. 216-1) is **DENIED**.

| | |
|---|---|
| January 22, 2007 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |