# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2357 |
| v. | (JUDGE CAPUTO) |
| CO HOUDESHELL, ET AL., | |
| Defendants. | |

## MEMORANDUM

Before me is Plaintiff's Motion for a TRO and/or Preliminary Injunction (Doc. 224). A hearing was held on March 2, 2007 at which Plaintiff testified he seeks preliminary relief requiring 1) Defendants to sign for Plaintiff's legal mail; 2) Defendants to deliver Plaintiff's legal mail to him; 3) Defendants to release all mail they are holding; 4) Defendants to mail out Plaintiff's legal outgoing mail; and, 5) Defendants to release his bank account papers if Plaintiff has to buy his own supplies. Plaintiff claims that the withholding of mail is in retaliation for the Plaintiff having filed this civil suit, and is thus a violation of his free speech rights under the First Amendment to the Constitution.

The standards which must be met in order to secure a preliminary injunction are well known. They are (1) Irreparable harm if relief is not granted; (2) likelihood of success on the merits of the movant's claim; (3) there would be more harm to the non-movant by granting the injunction than denying the injunction would harm the movant; and (4) the injunction is in the public interest. *A.C.L.U. v. Ashcroft*, 322 F.3d 240, 250 (3d Cir. 2003).

Injunctive relief is to be tailored so as to effectuate the maintenance of the status quo. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). It is not to provide relief for

a new or different claim than the claims in the complaint. 43A C.J.S. *Injunctions* §8 (1978). Here, the request for relief is proper to the extent that it seeks to prevent any impairment of Plaintiff's right to access the court in this case. To the extent it seeks to remedy retaliation or to secure broader relief, it simply cannot be entertained in the context of the instant motion.

**A.     The Factors**

### 1.     Likelihood of Success on the Merits

Plaintiff is entitled to access the Court in this case and to the extent there is an impairment of that right, he is likely to succeed. This issue turns on the mail to which he claims entitlement to receive and that which he claims the right to send. The evidence demonstrates that Plaintiff has not been deprived of the receipt of mailings in this case, nor has he demonstrated that he has been prevented from dispatching mail concerning this case. Indeed, all of the evidence is to the contrary.

While there is a dispute concerning prison policy regarding a power of attorney permitting the prison officials to sign for mail, among other things, the resolution of this issue will occur on a future date. The dispute surrounds Plaintiff's striking portions of the power of attorney form presented to him in 1999 by prison officials, and the current insistence that such an attempt at limiting the power conferred by Plaintiff to the prison is not authorized. The Defendants cite *Guyer v. Beard*, 907 F.2d 1424 (3d Cir. 1990) in support of their contention.

Since the determination of this motion does not require that I address this issue, I will not do so at this time. Suffice it to say that since the evidence demonstrates that Plaintiff is

receiving mail relating to this case and is able to dispatch mail relating to this case, the issue of the validity of the 1999 Power of Attorney will not be considered.

The evidence demonstrates that Plaintiff is not likely to succeed on his claim of denial of access to the Court in this case.

### 2. Irreparable Harm

This factor mitigates in favor of the Defendants for the same reasons expressed above.

Since the first two factors have been decided in favor of Defendants, there is no need to consider the remaining factors.

### CONCLUSION

For the foregoing reasons the Plaintiff's Motion for a TRO and/or Preliminary Injunction (Doc. 224) will be denied.

An appropriate Order follows.

Date: <u>April 11, 2007</u>                    /s/ A. Richard Caputo
                                                                               A. Richard Caputo
                                                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2357 |
| v. | (JUDGE CAPUTO) |
| CO HOUDESHELL, ET AL., | |
| Defendants. | |

### **ORDER**

NOW, this 11th day of April, 2007, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a TRO and/or Preliminary Injunction (Doc. 224) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Court