# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2357 |
| v. | (JUDGE CAPUTO) |
| CO HOUDESHELL, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court are Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 242) as well as Objections to that Report and Recommendation filed by Plaintiff Purcell Bronson (Docs. 248, 258) and Defendant Colleen Newfield (Doc. 251). The Magistrate Judge recommended that the Court: (1) deny Plaintiff's motion for a TRO/preliminary injunction (Doc. 116); (2) deny Plaintiff's motion for partial summary judgment (Doc. 135); (3) deny Defendant Newfield's motion to dismiss (Doc. 163); and (4) grant Defendants Beard, Burks, Kelchner, Taggart, Marsh, Southers, Britton, Cleaver, Houdeshell, Huber, Kerstetter, Klaus, Kotula, Long, Pyo and Snyder's (collectively the "Corrections Defendants") motion to dismiss the case with prejudice, pursuant to 28 U.S.C. § 1915(e), on the ground that Plaintiff's allegation of poverty in his *in forma pauperis* application was untrue.

For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation. Plaintiff's Objections will be overruled. Defendant Newfield's Objections will be overruled as moot. Accordingly, Plaintiff's claims will be dismissed in their entirety and with prejudice pursuant to 28 U.S.C. § 1915(e).

**STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

**I.     Background**

The facts of this case are well known to the parties and are set out in detail in the Magistrate Judge's Report and Recommendation. As such, the Court will only briefly set forth the facts relevant to the instant matter.

On November 14, 2005, Plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. (Doc. 1.) The very same day, Plaintiff

also filed an application to proceed *in forma pauperis.* (Doc. 2.)  By an Order dated November 23, 2005, Plaintiff's *in forma pauperis* application was granted. (Doc. 8.)

On February 9, 2006, Plaintiff filed an amended complaint. (Doc. 16.)  The amended complaint names as defendants: Jeffrey Beard, the Secretary of the Pennsylvania Department of Corrections; Colleen Newfield, a physician's assistant who works at the State Correctional Institution at Camp Hill ("SCI Camp Hill"); and eighteen (18) officials and employees at SCI Camp Hill. (*Id.*)  Plaintiff alleges that Defendants retaliated against him for his legal activities in a variety of ways, including: not feeding him; threatening him; denying him yard time; and interfering with his property. (*Id.*)

On March 8, 2006, the Corrections Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status. (Doc. 43.)  By an Order dated May 15, 2006 (Doc. 92), the Magistrate Judge granted the Corrections Defendants' motion, vacated the Order of November 23, 2005 which granted Plaintiff *in forma pauperis* status, and ordered Plaintiff to pay the full two hundred fifty dollar ($250.00) filing fee.  Plaintiff then paid the filing fee. (Doc. 102.)

On December 7, 2006, the Corrections Defendants filed a motion to dismiss pursuant to 28 U.S.C. § 1915(e), arguing that Plaintiff's allegation of poverty in his *in forma pauperis* application was false. (Doc. 197.)  The Corrections Defendants filed a brief in support of their motion on December 13, 2006. (Doc. 203.)  Plaintiff did not file a brief in opposition to the motion.  Pursuant to Local Rule 7.6, Plaintiff was deemed not to oppose the motion. (*See* Doc. 242 at 14.)  Nevertheless, the Magistrate Judge conducted a full merits analysis to determine whether dismissal of Plaintiff's case was appropriate.

(*See id.*)

The Magistrate Judge first noted that 28 U.S.C. § 1915(e), which provides in pertinent part that, notwithstanding the payment of a filing fee, the court shall dismiss the case at any time if the court determines that the allegation of poverty was untrue. (*Id.* at 15.)  As such, the Magistrate Judge concluded that section 1915(e) mandates dismissal if Plaintiff's allegation of poverty was untrue, even if the filing fee had been paid in full. (*Id.* at 15-16 (citing *Ralston v. Aftherton*, No. 3:CV-01-0609, slip order at 5 (M.D. Pa. Jan. 15, 2004).)  The Magistrate Judge then found that Plaintiff's allegation of poverty was untrue, as Plaintiff had represented that he did not have any cash, property, or bank account, and did not receive money from any source, despite the fact that he had fifteen hundred dollars ($1500.00) at his disposal from a settlement in a civil action brought in Allegheny County, Pennsylvania. (*Id.* at 16-21.)

Accordingly, the Magistrate Judge recommended that Plaintiff's case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). (*Id.* at 21, 23.)

**II.     Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's Report and Recommendation on the ground that he did not receive a copy of the Corrections Defendants' motion to dismiss, which was filed on December 7, 2006, until March 15, 2007.  Plaintiff also objects on the ground that the Corrections Defendants' motion is overly technical.  Finally, Plaintiff contends that the Corrections Defendants illegally searched and seized his personal papers in order to find evidence to support their motion.  The Court rejects each of Plaintiff's contentions and will overrule his Objections.

First, the Magistrate Judge performed a full merits analysis as to whether Plaintiff's allegation of poverty was truthful. The Magistrate Judge did not recommend that Plaintiff's case be dismissed for failure to prosecute. Rather, the Magistrate Judge recommended that the case be dismissed because Plaintiff's *in forma pauperis* application was untrue. As such, Plaintiff was not prejudiced by failing to file a brief in opposition to the motion to dismiss.

Second, whatever Plaintiff's opinion of the "overly technical" nature of 28 U.S.C. § 1915(e), it is a matter for Congress and not this Court.

Finally, "the Fourth Amendment has no applicability to a prison cell." *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). As such, contrary to Plaintiff's assertion, the fruit of the poisonous tree doctrine does not apply to prohibit consideration of the evidence submitted by the Corrections Defendants, evidence which Plaintiff does not dispute.

Accordingly, the Court will overrule Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

II.   **Defendant Newfield's Objections**

Because the Court will dismiss Plaintiff's case in its entirety due to his false allegation of poverty in his *in forma pauperis* application, Defendant Newfield's Objections will be overruled as moot.[1]

---

[1]The Court briefly notes that, contrary to Defendant Newfield's understanding of the Magistrate Judge's Report and Recommendation, the Magistrate Judge recommended that Plaintiff's entire case be dismissed pursuant to 28 U.S.C. § 1915(e). Specifically, at page 21 of his Report and Recommendation, the Magistrate Judge stated that he "recommend[s] that the *case* be dismissed pursuant to 28 U.S.C. § 1915(e)." (Doc. 242 at 21 (emphasis added).) At page 22, the Magistrate Judge stated that he "recommend[s] that the *case* be dismissed with prejudice." (*Id.* at 22 (emphasis added).) Finally, at page 23, the Magistrate Judge again recommended that "the *case* be dismissed with prejudice." (*Id.* at 23 (emphasis added).) Indeed, this is what section 1915(e) mandates. The Magistrate Judge simply denied Defendant Newfield's motion to dismiss for failure to state a claim,

**CONCLUSION**

After careful consideration, the Magistrate Judge's Report and Recommendation will be adopted. Plaintiff's Objections will be overruled. Defendant Newfield's Objections will be overruled as moot. Plaintiff's claims will be dismissed against all Defendants and with prejudice pursuant to 28 U.S.C. § 1915(e).

An appropriate Order follows.

| | |
|---|---|
| July 11, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

an issue which is now moot. As such, Plaintiff's claims against all defendants, including Defendant Newfield, will be dismissed pursuant to section 1915(e), even though Defendant Newfield did not join in the Corrections Defendants' motion. *See Friedman v. United States*, No. 01 Civ. 7518(LTS)(RLE), 2003 WL 1460525, at *12 (S.D.N.Y. Mar. 18, 2003) (dismissing complaint against nonmoving defendants pursuant to section 1915(e)).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PURCELL BRONSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CO HOUDESHELL, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:05-CV-2357<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this ___11th___ day of July, 2007, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 242), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Docs. 248, 258) are **OVERRULED**.

(2) Defendant Newfield's Objections to the Magistrate Judge's Report and Recommendation (Doc. 251) are **OVERRULED** as moot.

(2) The Report and Recommendation (Doc. 242) is **ADOPTED**.

(3) Plaintiff's claims against all Defendants are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e).

(4) The Clerk of the Court shall mark this case as **CLOSED**.

                                                   /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge