# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CASE NO. 3:05-CV-2357 |
| v. | (JUDGE CAPUTO) |
| CO HOUDESHELL, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff Purcell Bronson's Motion for Reconsideration (Doc. 286) of the Court's Memorandum and Order (Doc. 284), dated July 11, 2007, in which the Court adopted the Report and Recommendation (Doc. 242) of Magistrate Judge J. Andrew Smyser, which granted Defendants' Motion to Dismiss (Doc. 197) and denied other motions not relevant to the current motion. Because the Court did not make a clear error or law or fact in its July 11, 2007 Memorandum and Order, Plaintiff's Motion for Reconsideration will be denied.

## BACKGROUND

The facts of this case are well known to the parties and are set out in detail in the Magistrate Judge's Report and Recommendation, and reviewed in this Court's Memorandum and Order of July 11, 2007 (Doc. 284). To briefly summarize, in November 2005, Plaintiff, a state prisoner proceeding *pro se*, filed his complaint in this 42 U.S.C. § 1983 action along with an application to proceed *in forma pauperis*, which was granted (Doc. 8). On February 9, 2006, Plaintiff filed an amended complaint (Doc. 16) against a

number of officials and employees of the Pennsylvania Department of Corrections and the State Correctional Institution at Camp Hill, alleging they retaliated against him for his legal activities.  (Doc. 16.)  On the motion of the Corrections Defendants, Plaintiff's *in forma pauperis* status was revoked by an Order dated May 15, 2006 (Doc. 92), and Plaintiff then paid the two hundred fifty dollar ($250.00) filing fee.  (Doc. 102.)

On December 7, 2006, the Corrections Defendants moved to dismiss the case pursuant to 28 U.S.C. § 1915(e), on the grounds that Plaintiff's allegation of poverty in his *in forma pauperis* application was false.  (Doc. 197.)  In the July 11, 2007 Memorandum and Order (Doc. 284), I noted that Plaintiff had not filed a brief in opposition but that the Magistrate Judge had nonetheless conducted a full merits analysis to determine whether dismissal was appropriate.  I adopted the Report and Recommendation of the Magistrate Judge (Doc. 242), granting Defendants' motion to dismiss all claims in Plaintiff's case pursuant to 28 U.S.C. § 1915(e).

Plaintiff now moves the Court to reconsider its Memorandum and Order of July 11, 2007, putting forth two (2) arguments:  First, Plaintiff argues that "the Court clearly made a manifest error of fact" in that it overlooked Plaintiff's brief in opposition (Doc. 249) to Defendants' Motion to Dismiss and incorrectly concluded that Plaintiff did not oppose the motion. (Pl.'s Br. in Supp. of Mot. for Reconsideration, Doc. 287, at 1.)  Second, Plaintiff argues that the Court made a clear error of law by "completely avoid[ing] addressing the issue of the timeliness of Defendants' motion to dismiss."  (*Id.*)  Plaintiff's motion is fully briefed and ripe for disposition.

2

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

**I. Plaintiff's Opposition Brief**

According to Local Rule 7.6, "[a]ny party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion." Defendants filed their Motion to Dismiss Plaintiff's Complaint pursuant to 42 U.S.C. § 1915(e) (Doc. 197) on December 7, 2006. Under 28 U.S.C. § 1915(e), if a party files an application to proceed *in forma pauperis* and a court determines at any time that the party's allegation of poverty was untrue, then the court shall dismiss the case, notwithstanding the payment of a filing fee. On March 14, 2007, the Magistrate Judge ruled on Defendants' motion, noting that Plaintiff had not filed a brief in opposition and therefore, pursuant to Local Rule 7.6, was deemed not to oppose it. The Magistrate Judge nonetheless conducted a full merits analysis before ultimately determining that dismissal of Plaintiff's case was appropriate because Plaintiff's allegation of poverty in his *in forma pauperis* application had indeed been untrue. (Doc. 242, at 14-21.)

On March 22, 2007, Plaintiff filed a Brief in Opposition to Defendants' motion to dismiss (Doc. 249), arguing, *inter alia*, that he did not receive Defendants' supporting brief until March 15, 2007, the day after Magistrate Judge Smyser ruled on the motion. (*See* Pl.'s Br. in Opp'n to Defs.' Dec. 7, 2006 Mot. to Dismiss, Doc. 249, at 1.)

Plaintiff argues that this Court made a clear error of fact by stating in its Memorandum and Order of July 11, 2007 that "Plaintiff did not file a brief in opposition" to

4

Defendants' motion to dismiss. But Plaintiff did not timely file a brief, which, under Local Rule 7.6, is deemed equivalent to not filing a brief at all. More important, in my Memorandum and Order of July 11, 2007, I considered Plaintiff's argument that he did not receive a copy of the Corrections Defendants' motion until March 15, 2007, and I concluded that "Plaintiff was not prejudiced by failing to file a brief in opposition to the motion to dismiss." (Mem. & Order, Doc. 284, at 4-5.) Indeed, Plaintiff's argument that he was prejudiced because the Magistrate Judge did not have Plaintiff's opposition brief when ruling on the motion is being made for the first time in support of Plaintiff's current motion. (*See* Decl. in Supp. of Mot. for Reconsideration, Doc. 288, at 1.) Plaintiff could have, but did not, put forth any such arguments in his Objection to the Report and Recommendation. (*See* Pl.'s Opp'n Br. to Report and Recommendation, Docs. 248, 258.) Plaintiff is simply "rais[ing] new arguments or present[ing] evidence that could have been raised prior to the entry of judgment," which is not appropriate in a motion for reconsideration. *Hill*, 2006 WL 529044, at *2.

As such, the Court did not make a clear error of fact regarding Plaintiff's opposition brief that merits the "extraordinary remedy" of granting a Motion for Reconsideration. *See D'Angio*, 56 F. Supp. 2d at 504.

**II. Timeliness of Defendants' Motion to Dismiss**

Plaintiff argues that this Court made a clear error of law by "completely avoid[ing] addressing the issue of the timeliness of Defendants' motion to dismiss." (Pl.'s Br. in Supp. of Mot. for Reconsideration, Doc. 287, at 1.) Specifically, Plaintiff points to a

supporting document he filed with the Court on May 23, 2007, "Plaintiff's Supplemental Argument in Support of his Objections to the Magistrate Judge's March 14, 2007 Report and Recommendation" (Doc. 275.), in which he argued that because the Defendants' filed their Motion to Dismiss after their Answer, the Court was mandated by Federal Rule of Procedure 12(b) to find the motion untimely.  (*See* Doc. 275, at 1.)

The Defendants moved to dismiss the case, however, not under Rule 12(b) of the Federal Rules of Civil Procedure, but pursuant to 28 U.S.C. § 1915(e).  (Defs.' Mot. for Dismissal Pursuant to 28 U.S.C. § 1915(e), Doc, 197.)  That statute provides that the court shall dismiss the case "at any time" if it finds that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2).  Plaintiff's argument about the timeliness of Defendants' motion, therefore, is inapposite, and he has failed to show that the Court committed a clear error of law.

## CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's Motion for Reconsideration. (Doc. 286.)

An appropriate Order follows.

| | |
|---|---|
| November 21, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CASE NO. 3:05-CV-2357 |
| v. | (JUDGE CAPUTO) |
| CO HOUDESHELL, et al., | |
| Defendants. | |

## **ORDER**

**NOW**, this   21st   day of November, 2007, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 286) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge